Sharp & Brown *vs.* Loyless.

---

SHARP & BROWN, plaintiffs in error, *vs.* E. B. LOYLESS, defendant in error.

(McCay, J., having been of counsel in this cause, did not preside.)

When a matter in controversy between the parties had been submitted to three arbitrators for their consideration and judgment, and it appeared from the record, that, after hearing and considering the evidence submitted by the respective parties, an award was made by the arbitrators, and returned to the Superior Court, as provided by the 4184 section of the Code, and one of the parties suggested, on oath, that the award was illegal, upon several grounds stated therein, for the purpose of having a trial before a special jury, as to the validity of said award, and the grounds and specifications set forth in said affidavit were demurred to as being insufficient in law to authorize the setting aside said award: *Held*, that the demurrer only admitted the truth of such facts as were well *pleaded* and set forth in the affidavit, and that, to make such facts available against the award, it should have been alleged in the affidavit, that the facts set forth and complained of were the "*result* either of *accident, mistake*, or the *fraud* of some one or all of the arbitrators, or parties—or is otherwise *illegal*," and the particular illegal acts complained of must be *specially* set forth, which, in

law, will vitiate the award, otherwise the affidavit will be demurrable. The general allegation that the award was contrary to the evidence before the arbitrators, or without evidence, or that proper credits were not allowed by them, etc., is not sufficient to set aside the award, unless it is alleged and proved that the award was the *result* either of accident, mistake, or the fraud of some one, or all of the arbitrators or parties, or is otherwise *illegal*, as where the arbitrators should refer the matters submitted to them to chance or lot. The award of the arbitrators is final and conclusive between the parties, unless it is attacked and set aside upon some one of the grounds specified in the Code, and the affidavit must state some one of these legal grounds, with sufficient precision, so that an issue can be found and tried thereon.

Arbitration. Demurrer. Decided by Judge HARRELL. Terrell Superior Court. November Term, 1869.

Loyless and Sharp & Brown had a controversy touching the sale of a warehouse in Dawson, Georgia, and the liability of Sharp & Brown in reference to the cotton stored therein, for which Loyless had given his receipts, and concerning storage of, and commissions on the said cotton. They agreed, in writing, that all these matters and everything connected therewith, should be submitted to the arbitrament and award of H. K. McCay, solicitor for Loyless, C. B. Wooten, solicitor for Brown & Sharp, and Judge John T. Clark, as umpire, and that their award should be entered upon the minutes of Sumter Superior Court.

After hearing the evidence, *pro* and *con*, the arbitrators awarded that Loyless should recover of Sharp & Brown $3,080 00, with interest from the 1st of March, 1867, (stating that it was for certain cotton described in the award which Sharp & Brown were bound to produce,) that Sharp & Brown give Loyless bond and security to indemnify him against liability which might be enforced against him on account of certain cotton receipts specified in the award, and fixed the amount of compensation to themselves and the bailiff of their court.

The award was entered upon the minutes of the Court. During the trial, the evidence was taken down, and was filed in the Clerk's office. It came up with this record, but is not necessary to an understanding of the decision.

Sharp & Brown *vs.* Loyless.

After the award had been entered upon the minutes, counsel for Sharp & Brown suggested that said award was illegal, on the following ground, sworn to as required by the statute:

"1st. Because, at a hearing before said arbitrators on the 3rd day of September, 1867, and while Elliott B. Loyless, one of the parties, was being examined as a witness in said cause, and was being cross-examined by counsel, one of the said arbitrators, to-wit: the Hon. John T. Clark, who reduced the statement of said witness to writing, recorded the following statement as that of the witness, and as a part of his evidence as given at the time, and so the said witness was understood by counsel for the defendant, as well as the said arbitrators themselves, as swearing positively: 'Above all debts, I believe I am worth $40,000 00 to $50,000 00,' and at a subsequent examining of the cause, and before said arbitrators, on the 28th day of November, 1867, when the same party, and witness was again on the stand, and again on cross-examination, he stated: 'If my debts were all paid, I believe I would be worth $40,000 00 to $50,000 00; that is, my property is worth that much, but I owe a good deal.' And the said arbitrator, to-wit: the Hon. John T. Clark, erased and struck from the first report of the evidence, the part of said evidence first above quoted, and interlined therein, so as to make the report of said evidence to read as last stated and as last above quoted, without first consulting counsel or the parties as to an intention so to do, and without their consent.

"2nd. Because, after the plaintiff had closed his examination in chief, and defendant had introduced a witness, and the arbitrators had adjourned over to another day, the 28th of November, 1867, and again met, counsel for defendant, Sharp & Brown, proposed to recall the plaintiff, *who had been examined* as a witness—as the witness of the plaintiff, to ask him some questions omitted on first examination, and the arbitrators refused to allow them to do so unless upon the condition that he become the witness of the defendants.

"3rd. Because the arbitrators refused to allow the defendants, Sharp & Brown, to prove that after this controversy

had arisen, and since the whole matter was fully understood, and he was as much in the possession of the facts as he is now, the plaintiff, Loyless, proposed to Brown to take four bales of cotton for, and in satisfaction of the eight bales of cotton that he had paid for of lost cotton, and in full satisfaction of all claims in respect to this controversy, and that each party should lose what they had otherwise paid out on account of missing cotton; and that after this proposition, Loyless had written to Brown a letter, exonerating him from reproach about the business, and which letter it was offered to account for or produce.

"4th. Because the arbitrators ruled out the declaration of Brown, made under the following circumstances: The witness, Cheatham, by whom the declaration was proposed to be proved, was going into the office of Sharp & Brown; just as he was going in, he met Loyless coming away, and he immediately went into the office, and found Brown alone, very much excited, and he immediately said Loyless had just presented him with a bond for $100,000 00 to sign, which he had refused to do, because there was no such agreement, and this took place very soon after or about the time Sharp & Brown got possession of the warehouse—in fact the day that he got possession of the warehouse.

"5th. Because the said arbitration is illegal in this, that it is against the evidence submitted to them in and during the trial, because there was no evidence to support said award before said arbitrators.

"6th. Because, under the evidence given in, and heard by said arbitrators, the award ought to have been for the defendants, Sharp & Brown.

"7th. Because said arbitrators make no allowance for damaged cotton or cotton lost on account of the damaged condition, when Loyless turned over the warehouse and cotton therein to the defendants, Sharp & Brown, although there was evidence before them that the cotton was in a damaged condition, and much of it was lost by reason of such damaged condition.

"8th. Because there was no evidence before the arbitra-

tors in support of said award, going to show that the cotton, for which the arbitrators awarded payment to Loyless, and against Sharp & Brown, ever came to their actual possession, or was actually converted by them.

" 9th. Because the evidence submitted and heard by said arbitrators, in said trial, did not show how many bales, and of what marks or description, and its owners, there was in the warehouse, and came to the possession and control of said Sharp & Brown, so as to charge them with the custody of any particular lot.

" 10th. Because there was no credit given for four bales of cotton furnished by Brown & Sharp to Loyless.

" 11th. Because no allowance was made for storage collected by Loyless for Brown & Sharp."

These suggestions were demurred to generally, and the demurrer was sustained, and the award was made the judgment of the Court.

Sharp & Brown's solicitors say that said ruling was erroneous upon each of the grounds aforesaid.

When the cause was called here, a motion was made to dismiss the bill of exceptions upon the ground that this is not such a decision as is reviewable here. It was argued with the cause, and overruled.

L. C. HOYAL, LYON & DEGRAFFENRIED, for plaintiff in error.

F. M. HARPER, N. J. PARKER, W. A. HAWKINS, for defendant.

WARNER, J.

It appears from the record in this case, that there was a certain matter in controversy between the parties, growing out of the sale of a warehouse and the cotton stored therein by Loyless, to Sharp & Brown. The parties agreed, in writing, to submit the several matters in controversy between them to three arbitrators, and that their award in the premises should be entered on the minutes of the Superior Court.

The arbitrators made up their award, which was duly entered on the minutes of the Court. Sharp & Brown moved the Court to have an issue formed, to try the validity of said award by suggesting, on oath, certain facts as stated in the record, under the provisions of the 4184th section of the Code, which declares that when an award shall have been returned and entered on the minutes of the Court, either of the parties may suggest, on oath, at the term to which said award is returned, that the award was *the result* of accident or mistake, or the fraud of some one or all of the arbitrators or parties; or is otherwise illegal, whereupon the Court shall cause an issue to be made up, which issue shall be tried by a special jury, under the same rules and regulations as are prescribed for the trial of appeals, etc. If, upon the trial of such issue, the jury shall return a verdict finding against said award on *the specifications made in the issue submitted,* the Court shall forthwith pass an order, vacating and setting aside said award. The suggestions made on oath for the purpose of having an issue made up to try the validity of the award, were demurred to as being *insufficient in law* to set aside the award under the provisions of the Code, which demurrer was sustained by the Court below ; and that is the alleged error assigned here.

To entitle a party to attack an award, by having an issue made up for that purpose, under the provisions of the Code, he must first lay the foundation for such an attack, by suggesting, on oath "that the award was *the result* of accident or mistake, or the fraud of some one or all of the arbitrators or parties, or is otherwise illegal." In order to entitle the party to have an issue made up and tried by the jury, he must make out a *prima facie* case under oath. In other words, he must state such *issuable facts* under oath, which, if satisfactorily established on the trial before the jury, will be sufficient in law to set aside the award ; otherwise, his suggestions, made under oath for that purpose, will be demurrable. " The office of a demurrer is not to deny the *truth,* but only the *legal sufficiency* of the allegations demurred to. It, therefore, *admits* all such facts alleged by

Sharp & Brown *vs.* Loyless.

the adverse party, as are *well pleaded*, and refers the question of law, arising upon them, to the Court." Gould's Pleading, 461.  It is not alleged in the affidavit demurred to in this case, that the award of the arbitrators was *the result* of accident or mistake, or the fraud of the arbitrators or any one of them, or in *what particular* the award was *illegal*. The *special facts* which constitute the illegality of the award should have been stated in the affidavit, as where arbitrators referred the matters submitted to them to chance or lot, etc. It is not sufficient to state generally, that the award was against the weight of the evidence, or without evidence, unless the evidence submitted to the arbitrators is set forth and *specified :* for the jury are to return their verdict "on the *specifications* made in the issue submitted." Code, 4185. The effort is to set aside the award, because the parties are not satisfied with the decision of the arbitrators to whom the matters in controversy were voluntarily referred by them, and not upon the ground that the award was *the result* of accident, mistake or the fraud of the arbitrators, or any one of them, nor upon any *special* alleged ground of illegality, on which an issue could properly be made before the jury. This question was before this Court in the case of *Shaifer & Co. vs. Baker & Caswell*, 38 *Ga: R.*, and the ruling of the Court in that case was the same upon the general principles involved as we now hold in this case.

The award of arbitrators is final and conclusive between the parties; unless it is attacked and set aside upon some one of the grounds specified in the Code, and the affidavit must state some of those grounds with sufficient precision, so that an issue can be formed and tried thereon before the jury.

Let the judgment of the Court below be affirmed.