Warner, Chief Justice.
A motion was made in the Court below to make an award *313 of arbitrators the judgment of the Court, to which sundry exceptions were filed. The exceptions were demurred to as being insufficient in law to set aside the award. The Court sustained the demurrer as to all the grounds except one, and that one being submitted to the jury, they returned a verdict sustaining the award. Exceptions were filed to the judgment of the Court sustaining the demurrer to the grounds taken to set aside the award. It appears from the record that certain matters of difference existed between Caldwell and the other members of the Barnesville Manufacturing Company; that the parties agreed, in writing, to submit the matters in controversy between them touching their matters of settlement, involving the correctness and incorrectness of their different accounts and claims, to the arbitrament of three arbitrators, who, after examining several witnesses and investigating the various documentary testimony submitted to them, made their award. On examining the several grounds of exception taken to the award, as disclosed by the record, we find no error in the judgment of the Court in sustaining the demurrer thereto, according to the previous rulings of this Court in similar cases. The submission included the settlement involving the correctness or incorrectness of the different accounts and claims of the parties. What was the nature of their different accounts and claims did not appear to the Court, because the evidence had before the arbitrators was not set forth, and that was a fatal defect in the pleading to set aside the award, which was demurrable for that cause. The office of a demurrer is not to deny the truth, but only the legal sufficiency of the allegations demurred to. It, therefore, admits all such facts ^alleged by the adverse party as are well pleaded, and refers the question of law to the Court: Sharp & Brown vs. Loyless, 39 Georgia Reports, 12. Excepting the seventh ground of objection to the award, there was nothing alleged against it which, according to the ruling of this Court in Sharp & Brown vs. Loyless, before cited, Anderson vs. Taylor 41 Georgia Reports, 10; Akridge vs. Patillo, 44 Ibid., 585, and other cases, would have authorized the Court to have set aside the award in this case.
Ret the judgment of the Court below be affirmed.